# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ADVANTAGE INSURANCE SERVICES, INC. and ROBERT ROMANO,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS ROULE and KELLY ROULE,<br><br>Defendants. | Civil Action No. 23-cv-00821 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANTS THOMAS ROULE AND KELLY ROULE

Plaintiff Advantage Insurance Services, Inc. ("Advantage" or "Plaintiff"), by its attorneys, Greenberg Traurig, LLP, moves this Court to enter a default against Defendants Thomas Roule and Kelly Roule (collectively "Defendants"), pursuant to Fed. R. Civ. P. Rule 55(b). In support of said Motion, Plaintiff states as follows:

1. Plaintiff filed its Complaint against Defendants on August 7, 2023. (Dkt. 1). Defendants waived service on August 8, 2023. (Dkts. 10 and 11).

2. Defendants retained an attorney, Daniel Ripper, and filed their Answer on October 9, 2023. (Dkt. 15).

3. On February 27, 2024, Defendants' attorney filed a motion to withdraw as the attorney for Defendants. (Dkt. 26).

4. On February 29, 2024, the Court granted defense counsel's Motion and ordered Defendants to "retain new counsel and have them enter an appearance or notify the Court that they intend to proceed pro se" by April 1, 2024. (Dkt. 31).

5. Thomas Roule has not indicated that he has retained new counsel or intends to retain new counsel.

6. On June 10, 2024, Kelly Roule informed the Court that she intended to retain counsel. (Dkt. 41). The Court granted Kelly Roule's Motion on June 12, 2024 and instructed Kelly Roule to inform the Court whether she retained new counsel or will proceed pro se by July 29, 2024. (Dkt. 42).

7. As evidenced by the declaration of Plaintiff's attorney, Kyle L. Flynn, attached hereto as **Exhibit 1**, Defendants have not provided notice that they have retained new counsel and have not notified the Court that they intend to proceed pro se, as of the filing of this Motion.

8. Defendants are both aware, and have had ample notice, that failure to secure counsel could result in default judgment being entered against them.

9. On April 15, 2024, Plaintiff filed its Motion for Default requesting that the Court enter an Order of default against Defendants and grant Plaintiff leave to file its Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) (Dkt. 35).

10. On May 23, 2024, the Court granted Plaintiff's Motion for Default pursuant to Fed. R. Civ. P. 55(a). (Dkt. 38).

11. Federal Rule of Civil Procedure Rule 55(b) provides for a default judgment after default has been entered in accordance with Fed. R. Civ. P. 55(a).

12. It is evident that Defendants have no intention to defend this action. Entry of a default judgment is, accordingly, fully warranted.

13. Upon entry of default, "liability was deemed to be established as a matter of law and the factual allegations of the complaint were no longer open to dispute." *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007); *Sony/ATV Music Publ'g LLC v. 1729172 Ontario,*

*Inc.*, No. 3:14-CV-1929, 2018 WL 4007537, at *8 (M.D. Tenn. Aug. 20, 2018) ("By virtue of the defaults, the factual allegations in the [complaint] are conclusively admitted.") (Trauger, J.); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

14. Taking the allegations in the Complaint as true, Plaintiff has shown that Thomas Roule is liable for fraud, conspiracy to commit fraud, conversion, negligent misrepresentation, and common law statutory interference with contract. (Counts I-III and VI-VIII) (Dkt. 1 at ¶¶ 31-47, 58-78).

15. Taking the allegations in the Complaint as true, Plaintiff has shown that Kelly Roule is liable for conspiracy to commit fraud, conversion, negligent misrepresentation, and common law statutory interference with contract. (Counts III and VI-VIII) (Dkt. 1 at ¶¶ 41-47, 58-78).

16. Plaintiff requests an award of damages for a sum certain under Fed. R. Civ. P. 55(b)(1), or in the alternative, Fed. R. Civ. P. 55(b)(2).

17. As outlined in the Complaint, Advantage is an insurance agency engaged in the business of selling personal and commercial insurance policies. Advantage has been an operational insurance agency since 2001. (Dkt. 1 at ¶ 8). Thomas Roule is a licensed insurance agent who worked as an insurance agent for Advantage from 2007 to 2023. (*Id.* at ¶ 9). In his position, Thomas Roule wrote commercial insurance policies for Advantage's clients. Kelly Roule is Thomas Roule's wife. She is a licensed insurance agent who assisted Roule in the services he provided to Advantage. (*Id.* at ¶ 10).

18. In April 2023, Advantage and Romano learned that the Roules had been engaging in a premium diversion scheme that involved the Roules falsifying invoices to Advantage's clients,

overcharging Advantage's clients for their insurance premiums, and fraudulently pocketing over $491,695 of Advantage's clients' funds (the "Premium Diversion Scheme"). (*Id.* at ¶ 11).

19. As part of the Premium Diversion Scheme, Thomas Roule sent Plaintiff fraudulent documents to prevent Plaintiff from learning about the scheme. (*Id.* at ¶ 12). In addition, with respect to his disclosures to Plaintiff, Thomas Roule intentionally omitted information regarding the fraudulent payments that the Roules were collecting from Advantage's clients. (*Id.*). Further, the Roules accepted payments from Advantage's clients, to be forwarded to their respective insurance carrier, which the Roules embezzled and never sent to the insurance carrier. (*Id.* at ¶ 13).

20. Thomas Roule accepted $392,807 from Advantage's client, JAM Trucking, LLC ("JAM") as the annual premiums for JAM's 2022 commercial insurance policy. (*Id.* at ¶ 14). JAM sent the funds to Thomas Roule with the understanding that he would transmit the funds to JAM's insurance carrier, Erie Insurance ("Erie"). (*Id.*). However, Thomas Roule only paid $76,867 to Erie on behalf of JAM. Instead of transmitting the full premium payment, Roule embezzled the remaining funds of $316,050. (*Id.*). The Roules never told Plaintiff, and purposefully omitted, that they charged $392,807 in premiums to JAM but only remitted $76,867 to Erie. (*Id.*).

21. On August 3, 2023, JAM assigned all its claims against the Roules to Plaintiff. (*See Id.* at ¶ 5, Ex. A).

22. Accordingly, Defendants owe $316,050 to Plaintiff. (*Id.* at ¶¶ 8-14).

23. In addition, in another example of the Roules' Premium Diversion Scheme, the Roules accepted payments from an Advantage client ("Client A"), totaling approximately $161,773, to be forwarded to Client A's insurance carrier, Erie, as Client A's annual premium payment for their commercial insurance policy. (*Id.* at ¶ 15). However, the total premium charged by Erie was only $151,435 and Client A was therefore overcharged $10,000 more than what was

owed to Erie. (*Id.*). Worse yet, not a penny of Client A's payments of $161,773 to the Roules was ever transmitted by the Roules to Erie. Instead, all the funds were embezzled by the Roules. (*Id.*). The Roules never told Plaintiff, and purposefully omitted, that they charged $161,773 in premiums to Client A but did not remit the funds to Erie. (*Id.*). When Erie discovered the Roules' fraud, Erie began withholding commissions due to Advantage to offset the funds that the Roules had embezzled from Advantage's clients. (*Id.* at ¶ 16).

24. As a result of Defendants' fraudulent conduct, Erie has withheld $305,451.15 of commissions that would otherwise be payable to Advantage. Advantage's commissions have been withheld by Erie as a result of Defendants' Premium Diversion Scheme, which includes the $161,773 of Client A's funds that were embezzled by Defendants. (Ex. 1, Flynn Declaration at 1-2).

25. Accordingly, Defendants owe $161,773 to Plaintiff. (*Id.* at ¶¶ 8-13, 15-16; Ex. 1, Flynn Declaration at 1-2).

26. Plaintiff's claims against the Roules are for:

   a. Damages relating to the Premium Diversion Scheme with respect to JAM, totaling $316,050; and

   b. Damages relating to the Premium Diversion Scheme with respect to Client A, totaling $161,773.

27. Accordingly, Plaintiff seeks a default judgment against Defendants, jointly and severally, in the sum certain of $477,823.

28. Pursuant to 28 U.S.C. § 1961, Plaintiff is also entitled to post-judgment interest at the applicable rate as set forth in the statute.

29. Defendants are not minors or incompetent persons.

30. Defendants have had adequate notice of the damages sought by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter default judgment against Thomas Roule and Kelly Roule, jointly and severally, for $477,823, plus post-judgement interest at the applicable statutory rate as provided in 28 U.S.C. § 1961, and such further relief as the Court deems just and equitable.

DATED this 8th day of August, 2024,

**GREENBERG TRAURIG, LLP**

*/s/Kyle L. Flynn*

Kyle L. Flynn (admitted pro hac vice)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
P: 312.476.5126
flynnk@gtlaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/Ryan N. Kilpatrick*
Ryan N. Kilpatrick (BPR No. 039127)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3824
F: 615-252-6347
rkilpatrick@bradley.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Kyle Flynn, an attorney, certify that I electronically filed Plaintiff's Motion for Entry of Default Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record on August 8, 2024.

                                          */s/ Kyle L. Flynn*
                                          Attorney for Plaintiffs