IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ADVANTAGE INSURANCE SERVICES, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:23-cv-00821 |
| v. | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| THOMAS ROULE, ET AL., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Supplement In Support of Its Motion for Default Judgment. (Doc. No. 73).

Plaintiffs initially sought default judgment against Defendants in the amount of $477,823.00, plus post-judgment interest at the applicable statutory rate as provided in 28 U.S.C. § 1961. (Doc. No. 43 at PageID # 182). It appears that Plaintiffs now seek default judgment against Defendants in the amount of $340,334.67. (Doc. No. 73). Plaintiffs state that this is the amount of Plaintiff Advantage Insurance Services, Inc.'s ("Advantage") commissions that have been withheld by insurance carrier Erie Insurance and that the commissions were withheld on a monthly basis from April 2023 through December 2024. Plaintiffs submitted copies of monthly commission statements for this time period. (Doc. No. 73-1). The monthly commission statements appear to reflect the amount of monthly commissions due to Advantage during the specified time period. However, the commission statements do not contain any information indicating whether these commissions were actually withheld or the months that such commissions were withheld.

Moreover, in support of the amount requested, Plaintiffs point to a June 1, 2023 letter from Erie wherein Erie stated that it had "initiated a hold on commissions payable to your agency and

will apply those commissions to the amounts owed to ERIE by your agency as a result of this misappropriation for which we hold your agency accountable." (Doc. No. 73-2). Plaintiffs also reference a June 30, 2023 letter from Erie wherein Erie stated "here are the total premiums due to Erie that was paid to Advantage…but not remitted to Erie. We show a balance due of $491,695.64." (Doc. No. 73-3). Erie also stated that "[t]his does not include the commissions we held in June to start to pay this balance" that it was "working on a running total of balance due to send the agency." (*Id.*).

The evidence submitted by Plaintiffs does not show specific amounts of commissions withheld or the time period in which such commissions were withheld. Moreover, the June 1, 2023 letter from Erie indicates that Erie did not start withholding Plaintiffs' commissions until June 2023, while the commission statements and chart included by Plaintiffs in their brief seek to recover commission amounts purportedly due to Plaintiffs beginning in April 2023. The lack of explanation as to how the total amount was calculated is particularly concerning as it appears that the amount of default judgment sought by Plaintiffs in their supplemental brief differs from the amount requested by Plaintiffs in their motion for default judgment.

The Court has an obligation to ensure that there is a legitimate basis for a damages award and may award damages on default judgment only where the record adequately supports a basis for the award. *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 675-76 (N.D. Ohio 2016). The supplemental evidence submitted by Plaintiffs fails to explain *how* the amount requested by Plaintiffs was calculated. Accordingly, the Court needs documentation clearly explaining how Plaintiffs calculated the total amount requested, including documentation demonstrating the specific amounts withheld by Erie and the time period in which such amounts were withheld. Based on the record before it, Plaintiffs have failed to file evidence showing or explaining how the

total amount requested was calculated or otherwise demonstrating that the total amount requested by Plaintiffs was withheld by Erie.

Plaintiffs may file additional evidentiary support for their claimed damages on or before May 9, 2025. Any supplemental briefing filed by Plaintiffs shall also include an explanation for the differences in the total amounts sought in Plaintiffs' motion for default judgment (Doc. No. 43) and supplemental brief (Doc. No. 73). The Court will enter a final order after that date.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE